UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: _____

MAYRA SANTOS-URQUIOLA,

    Plaintiff,

**JURY TRIAL DEMANDED**

v.

KINGCADE & GARCIA, P.A., a Florida for
profit corporation d/b/a KINGCADE,
GARCIA & MCMAKEN; and
TIMOTHY S. KINGCADE,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, MAYRA SANTOS-URQUIOLA, by and through her undersigned attorney, files this Complaint against KINGCADE & GARCIA, P.A., a Florida for profit corporation d/b/a KINGCADE, GARCIA & MCMAKEN [hereinafter "KGM"], and TIMOTHY S. KINCADE [hereinafter "Kincade"], and states as follows:

## INTRODUCTION

1. This is an action to recover unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. *§* 201 *et seq.,* (hereinafter "FLSA"), and for unpaid sick leave under the Emergency Paid Sick Leave Act, P.L. 116-127.

## JURISDICTION AND PARTIES

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

3. At all times pertinent to this Complaint, the corporate defendant, KGM operated a law firm in Miami, Florida. KGM was a business engaged in commerce or in the production of

goods for commerce as defined in the FLSA, 29 U.S.C. §§203(r) and 203(s) as KGM has annual revenues in excess of $500,0000.

4. At all material times, Plaintiff worked as a paralegal and was employed by KGM.

5. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. Further, Plaintiff regularly made and received interstate telephone calls.

6. Upon information and belief, during the relevant time period, the corporate Defendant had an annual gross volume of sales made or business done of not less than $500,000.

7. Defendant, TIMOTHY S. KINCADE, was a supervisor and/or manager/owner of the corporate defendant who was involved in the day-to-day operations and was responsible for Plaintiff's supervision and in setting her pay and hours of work, and therefore was also Plaintiff's employer within the meaning of 29 C.F.R. § 203(d).

8. Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

9. Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

**VENUE**

10. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and

    b. Defendants are and continue to be corporations and individuals doing business within this judicial district.

## STATEMENT OF FACTS

11. Plaintiff worked in Miami for KGM as a paralegal from March 2004 until the present.

12. Plaintiff's job duties involved interviewing the firm's clients, reviewing relevant documents, and preparing bankruptcy petitions. She was assigned four cases every weekday, and some Saturdays. Plaintiff is paid $50 per case although if the client did not sign the petition, Plaintiff was not paid even though she had done all the work and the firm had been fully paid by the client.

13. Plaintiff was paid on a weekly basis.

14. Plaintiff worked between 60 and 70 hours per week but was never paid overtime wages.

15. Defendants knowingly and willfully failed to pay overtime wages to Plaintiff.

16. Plaintiff has retained the undersigned counsel to represent her in this litigation and has agreed to pay a reasonable fee for these services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

17. Plaintiff repeats and realleges paragraphs 1 through 16 as if fully set forth herein.

18. Plaintiff was entitled to be paid at the rate of time and one-half for all hours worked in excess of forty (40) per week in accordance with FLSA.

19. During Plaintiff's employment with Defendants, Plaintiff worked hours in excess of forty (40) per week but was never compensated at the statutory rate of time and one-half.

20. Additionally, Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

21. As a result of Defendants' disregard of the FLSA, Plaintiff is entitled to liquidated damages.

22. Due to the unlawful acts of Defendants, Plaintiff has suffered damages in the form of unpaid overtime wages, plus an equal amount as liquidated damages.

23. Plaintiff is also entitled to an award of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

    a. Declaring that Defendants violated the overtime provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiff overtime compensation in the amount calculated;

    c. Awarding Plaintiff liquidated damages in the amount calculated;

    d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiff post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II
## VIOLATION OF EMERGENCY PAID SICK LEAVE ACT

24. Plaintiff repeats and realleges paragraphs 1 through 16 as if fully set forth herein.

25. On or about July 31, 2020, Plaintiff experienced COVID-related symptoms while at work and sought medical treatment.

26. On July 31, 2020, Plaintiff was administered a COVID-19 test and tested positive.

27. Plaintiff was advised by her physician to self-quarantine and refrain from appearing at work for 14 days.

28. Plaintiff alerted KGM of her COVID-related illness and her need to abstain from working at the office. Plaintiff provided to KGM a copy of her medical record indicating a positive test for COVID and advising that she needed to self-quarantine for 14 days.

29. Plaintiff took time off from Saturday, August 1, 2020, through Monday, August 10, 2020, to recuperate from COVID-19.

30. On August 10, 2020, Plaintiff repeated her COVID test. She tested negative. She nonetheless continued to experience COVID symptoms.

31. Plaintiff advised KGM that she had taken another COVID test and, although she tested negative, she still was experiencing symptoms. Plaintiff was directed by Defendant Kingcade to return to work upon threat of suspension for failure to do so. Plaintiff was specifically told she could not work remotely as it was essential that she meet with the firm's clients personally, as opposed to remotely.

32. Plaintiff was not paid for her time away from work in violation of the Emergency Paid Sick Leave Act, P.L. 116-127, to be codified at 29 U.S.C. § 2601 et seq., and regulations implementing that Act.

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for all damages recoverable under the Emergency Paid Sick Leave Act, in addition to all litigation expenses and costs, including liquidated damages, attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: August 17, 2020.

                              Respectfully submitted,

                              *s/ **Mark J. Beutler***
Mark J. Beutler, Esq.
Florida Bar No. 0023400
**LAW OFFICES OF MARK J. BEUTLER, P.A.**
9400 South Dadeland Boulevard, Suite 600
Miami, FL  33156
Tel: 305-487-0942 | Fax: 786-513-4651
E-mail: mjb@mjbpa.com
       jmm@mjbpa.com

*Attorney for Plaintiff*